RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0326P (6th Cir.)
File Name: 02a0326p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*

  No. 01-1752

LADARRYL KIMBLE,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 00-00267—Robert Holmes Bell, Chief District Judge.

Argued: August 14, 2002,

Decided and Filed: September 24, 2002

Before: MOORE and COLE, Circuit Judges; MARBLEY,
District Judge.

---

## COUNSEL

**ARGUED:** Daniel R. Fagan, DANIEL R. FAGAN &
ASSOCIATES, Grand Rapids, Michigan, for Appellant.
Brian K. Delaney, ASSISTANT UNITED STATES

---

*The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

1

ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Daniel R. Fagan, DANIEL R. FAGAN & ASSOCIATES, Grand Rapids, Michigan, for Appellant. Brian K. Delaney, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

————————

## OPINION

————————

R. GUY COLE, JR., Circuit Judge. Ladarryl Kimble appeals his sentence resulting from a judgment of criminal contempt that arose out of his refusal to testify at the criminal trial of two defendants. Kimble argues that the district court improperly applied a United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") cross-reference provision in the calculation of his sentence, resulting in a much lengthier sentence than he would have received absent application of the provision. Kimble now appeals from the district court's sentence of seventy months incarceration for criminal contempt.

This appeal presents one issue for our review: (1) whether the district court properly applied the Guidelines § 2X3.1 (Accessory After the Fact) cross-reference provision in § 2J1.2(c)(1), where the defendant pleaded guilty to obstructing justice under 18 U.S.C. § 401 by refusing to testify at a criminal trial. Because the application of the § 2X3.1 cross-reference provision was mandatory, we **AFFIRM** the judgment of the district court.

## BACKGROUND

### A. Factual Background

On March 23, 1999, while serving a state prison sentence for a drug-related home invasion, Kimble was called to testify before a grand jury investigating Kwan Andrew Winston and Tirrell Lashone Clemmons for a drug conspiracy and a drug-related homicide. In exchange for his testimony before the

grand jury, Kimble was offered immunity from prosecution for any evidence garnered against him in the grand jury proceedings. Kimble accepted the offer and testified before the grand jury, resulting in an indictment against Winston and Clemmons. The United States then filed a motion in the district court to compel Kimble's testimony at the trial of Winston and Clemmons. The district court granted the motion.

Prior to trial, Kimble informed the government that he was not willing to testify at the trial because fellow inmates had learned of his grand jury testimony, which placed his welfare at peril. In interviews with prosecutors and later during the presentence interview, Kimble expressed his dissatisfaction with the government's failure to provide him additional safety precautions at the prison and to honor his request for transfer to a different correctional facility. Kimble based his concerns on the additional fact that Winston's brother was incarcerated in the same state facility, thereby presenting a credible threat to Kimble's safety.

The trial of Winston and Clemmons began on October 13, 2000. Kimble was called to testify on October 24, 2000. He was placed under oath, reminded of his immunity from prosecution, and warned of the consequences for refusing to testify. In explaining his refusal to testify, Kimble said he refused, "because I don't want to." The district court ordered the appointment of counsel for Kimble and then dismissed Kimble for the balance of the day. The next day, October 25, 2000, Kimble was again brought before the district court, and again ordered to testify. Upon his continued refusal, the court found him in civil contempt and sentenced him to thirty days incarceration, to be served following the completion of his state sentence. The district court then granted the government's request to immediately question Kimble in order to establish a record for a possible future criminal contempt proceeding. Winston and Clemmons were convicted of first-degree murder, notwithstanding the absence of Kimble's testimony.

### B. Procedural History

On December 13, 2000, Kimble was indicted by a grand jury under 18 U.S.C. § 401[1] for criminal contempt for his refusal to testify at the trial of Winston and Clemmons. Count one charged Kimble with disobeying an order of the court for refusing to give testimony at trial regarding Winston. Count two charged Kimble with disobeying an order of the court for his general refusal to testify at trial. Kimble pleaded guilty to count one of the indictment on February 22, 2001. The Guidelines make no sentence recommendation for criminal contempt convictions, *see* § 2J1.1, instead encouraging the sentencing judge to apply "the most analogous offense guideline." § 2X5.1. Kimble conceded in his plea agreement that the most analogous offense guideline is § 2J1.2, Obstruction of Justice.[2] Section 2J1.2 also

---

[1] 18 U.S.C. § 401, Power of Court, provides:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as --

. . .

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Section 401 also provides the district court with broad discretion in reaching a sentence, providing for no minimum or maximum sentence.

[2] The Plea Agreement in relevant part provides:

8. Pursuant to § 6B1.4 of the Sentencing Guidelines, the United States and the Defendant agree and stipulate as follows:

. . .

c. Section 2J1.2, (Obstruction of Justice), is the most analogous offense guideline for Defendant's criminal conduct. This section provides for a base offense level of 12. *See* Commentary, Application Note 1 to § 2J1.1.

. . .

e. Defendant's total offense level should be calculated as 15.

. . .

9. The Court is not bound by the stipulations contained in

---

mandatory. *Miller*, 161 F.3d at 989; *see also Shabazz*, 263 F.3d at 608 (recognizing the authority of, and citing to, *Miller*). Kimble's claim that he was not actually an accessory after the fact to the homicide at issue here is not relevant, as it does not matter whether the defendant is actually guilty of the crime referenced in § 2X3.1 in order for the higher sentence recommendation to be imposed. *See Arias*, 253 F.3d at 459; *Russell*, 234 F.3d at 410; *Brenson*, 104 F.3d at 1285.

### CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

## B.  Analysis

Kimble argues that the district court erred by applying the § 2X3.1 cross-reference provision found in the Guideline recommendation for Obstruction of Justice, § 2J1.2.  Put differently, Kimble asserts that his sentence should have been calculated with reference to the provisions of § 2J1.2 and not § 2X3.1.

When sentencing a defendant under § 2J1.2, the district court is "required to calculate the base offense level for the offense of conviction under *both* the 'Obstruction of Justice' guideline, U.S.S.G. § 2J1.2, *and* the 'Accessory After the Fact' guideline, § 2X3.1, and apply the greater of the two sentences." *Miller*, 161 F.3d at 989 (emphasis added).  *See also United States v. Shabazz*, 263 F.3d 603, 608 (6th Cir. 2001) ("Because Shabazz's offense involved obstructing the prosecution of a criminal offense, the court was then required to determine the offense level under the cross-referenced Accessory After the Fact guideline, U.S.S.G. § 2X3.1 . . . . If the offense level resulting from this calculation is greater than the offense level calculated pursuant to U.S.S.G. § 2J1.2(b)(2), then the greater offense level must be applied.").  It is not necessary for the government to prove facts sufficient to establish a defendant's guilt as an "Accessory After the Fact" in order to impose a sentence under § 2X3.1; the section merely serves as a tool to calculate the base offense level "for particularly serious obstruction offenses." *United States v. Russell*, 234 F.3d 404, 410 (8th Cir. 2000). *Accord United States v. Brenson*, 104 F.3d 1267, 1285 (11th Cir. 1997).  In fact, proof of the underlying offense is immaterial, since the point of the cross-reference is to "punish more severely . . . obstruction of . . . prosecutions with respect to more serious crimes." *United States v. Arias*, 253 F.3d 453, 459 (9th Cir. 2001).

Kimble's argument that the district court should have applied the § 2J1.2 Obstruction of Justice Guideline without also applying the § 2X3.1 cross-reference provision fails. Application of the § 2X3.1 cross-reference provision is

contains a sentencing cross-reference to § 2X3.1 (Accessory After the Fact), which is to be applied if the "offense involved obstructing the investigation or prosecution of a criminal offense."[3]  Section 2X3.1 provides for a base offense level six levels lower than the offense level of 43 for the underlying offense of homicide.

At the sentencing hearing, Kimble objected to the application of § 2X3.1, arguing that the plea agreement contemplated a base offense level of 12 as set forth in § 2J1.2. The district court disagreed, noting that it was bound by the Guidelines to apply the § 2X3.1 cross-reference.  In handing down the sentence, the district court judge stated:

> This Court is not unmindful of the fact that this is a refusal to testify.  This apparently involves a matter of a statement and a retraction of an earlier statement, a testimony given, grand jury; a retraction and refusal to testify before a United States district judge in trial when so advised that contempt was coming for a failure to testify.   Obviously an extremely serious underlying offense, the necessity of testimony from this defendant being absolutely manifest for the delivery of justice. And the defendant's refusal to testify because, quote, "I don't

_____

paragraph 8 above but may with the aid of the presentence report determine the facts relevant to sentencing.

[3]The commentary to § 2J1.2 provides some insight into this cross-reference.  It states:

> The specific offense characteristics reflect the more serious forms of obstruction.  Because the conduct covered by this guideline is frequently part of an effort to avoid punishment for an offense that the defendant has committed or to assist another person to escape punishment for an offense, a cross-reference to § 2X3.1 (Accessory After the Fact) is provided.  Use of this cross-reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person.

want to," end of quote, this Court believes gives rise to that cross-reference.

Certainly this Court has within the rubric of the guidelines some discrimination -- some discretion to move a little bit on this. But this Court believes that to draw the distinction of a stipulation in which the parties are attempting to persuade the Court to drop away from a cross-reference this Court believes is not good precedent, not a good precedent for future cases and does not accurately reflect the extreme seriousness of this particular matter.

This defendant knew of the absolute seriousness of the proceeding. He knew of the necessity of truth-telling. He knew of the necessity of his getting off his chest what he knew to be true and accurate at the time. He was warned by a United States district judge that he was to answer the questions. He adamantly refused to do so. Therefore, this Court believes that that is a substantial obstruction of justice under the circumstances, and therefore would note the objections, would preserve them for purposes of Paragraph 85 and its cross-referencing and its automatic enhancement.

Let me say once again that this is but the thousandth example of the unworkability of these so-called guidelines that the so-called Guidelines Commission has strapped this Court into the position of. Repeatedly the Guidelines Commission has said to the trial court let us know where these so-called guidelines don't work, and this is but an example of an attempt to mathematically calculate the innumerable instances of human behavior that give rise to criminal conduct in which it is literally and figuratively impossible to quantify. An attempt to do so, albeit clumsy like this, under the compulsion of the judge to have to employ it may or may not be, in the eyes of some, justice. But in fact in this Court's view and its fidelity to the law and to the fair application of the law

gives this Court no alternative but to apply the cross-reference.

The judge then determined that Kimble had a base offense level of 30 pursuant to § 2X3.1 and the cross-reference provision in § 2J1.2(c)(1).[4] Following a downward departure of two levels pursuant to § 5K2.0[5] and a three level reduction for acceptance of responsibility, Kimble's offense level was decreased to 25, which resulted in a Guidelines sentence range of seventy to eighty-seven months. Kimble was sentenced to a term of seventy months of incarceration, to be served consecutively with his state prison sentence. *See* § 5G1.3(a) (requiring that Kimble's sentence run consecutively with any undischarged state sentence).

Kimble timely filed a notice of appeal of his sentence on June 1, 2001.

### DISCUSSION

### A. Standard of Review

We review for clear error a district court's factual findings with respect to the Guidelines. *United States v. Ledezma*, 26 F.3d 636, 646 (6th Cir. 1994). We review *de novo* a district court's legal conclusions and the application of the Guidelines to a set of undisputed facts. *United States v. Miller*, 161 F.3d 977, 989 (6th Cir. 1998); *United States v. Gort-DiDonato*, 109 F.3d 318, 320 (6th Cir. 1997). We review for abuse of discretion whether a prison term for criminal contempt was properly imposed. *Green v. United States*, 356 U.S. 165, 188 (1958).

---

[4]Kimble's original base offense level was determined to be six levels lower than the offense level of 43 for the underlying offense. However, § 2X3.1 provides that the offense level may not exceed 30.

[5]The district court noted that this departure was necessary because "the nature of the incarceration both at the state and now federal level would be unwarranted without this minor adjustment."