**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lelwin Durrell FIELDS, Defendant–
Appellant.**

No. 02–6154.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2003.

Before: RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

## ORDER

Lelwin Durrell Fields, a federal prisoner proceeding through counsel, appeals the sentence imposed upon his conviction. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 2000, a federal grand jury charged Fields and others in a multi-count indictment with offenses related to an undercover drug buy arranged by the Sheriff's Department of Hamilton County, Tennessee. In exchange for the dismissal of firearm and narcotics charges, Fields pleaded guilty on April 18, 2002, to one count of tampering with a witness, victim, or an informant, in violation of 18 U.S.C. § 1512. Shortly after his arrest, Fields had instructed the informant's mother to tell her son that Fields was going to shoot him.

In the presentence investigation report (PSR), the probation officer calculated Fields's offense level as 19, his criminal history category as V, and his guideline range of imprisonment as 57 to 71 months. The base offense level was determined pursuant to USSG §§ 2J1.2(c)(1), 2X3.1, and 2D1.1. Defense counsel filed objections to the PSR, arguing in part that the offense level improperly included a two-level enhancement for possession of a firearm pursuant to USSG § 2D1.1(b)(1). Counsel also moved for a downward departure on the basis that Fields's criminal history category overstated the seriousness of his

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

past criminal conduct. The district court overruled the objections, denied the motion, and sentenced Fields, on August 30, 2002, to 57 months in prison and three years of supervised release. A judgment was entered in the case on September 23, 2002.

On appeal, counsel first contends that the district court should not have applied the enhancement for possession of a firearm during the drug transaction. Counsel notes that Fields was not indicted on the federal firearm charge until nearly six months after the tampering offense. Thus, counsel asserts that the underlying offenses for tampering were only the charged state offenses of simple possession of marijuana and possession of a controlled substance for resale. Because the charged state offenses did not involve firearms and Tennessee law does not provide for an enhanced sentence due to possession of a firearm, counsel argues that the firearm enhancement was in error.

This court reviews de novo a district court's legal conclusions and the application of the sentencing guidelines to a set of undisputed facts. *United States v. Kimble,* 305 F.3d 480, 485 (6th Cir.2002).

For the purpose of computing Fields's offense level, the district court appropriately deemed the underlying offense to the tampering offense to be a federal conspiracy offense. Fields's PSR listed two underlying offenses, the federal charges of conspiracy to distribute cocaine base and cocaine hydrochloride and aiding and abetting the possession of a firearm during a drug trafficking crime. Fields's offense level for the conspiracy charge was then calculated pursuant to USSG § 2D1.1. Fields's offense level for the firearm charge could not be calculated because the sentencing guidelines do not provide an offense level for that offense, but instead simply indicate the guideline sentence. *See* USSG § 2K2.4.

■ Deeming the underlying offenses to be the charged state offenses would not have been appropriate in this case. The interpretation of a guideline provision begins with the language of the guideline. *United States v. Barton,* 100 F.3d 43, 45 (6th Cir.1996) (citing to *United States v. Wong,* 3 F.3d 667, 670 (3d Cir.1993)). Nothing in the unambiguous language of § 2X3.1 either limits the phrase "underlying offense" to crimes charged before the defendant obstructed justice or instructs the court to look to state law, and we decline "to find ambiguity where none exists to defeat the plain meaning of the Guidelines." *United States v. Mobley,* 956 F.2d 450, 453 (3d Cir.1992). Additionally, the use of the subsequently charged conspiracy crime as the "underlying offense" furthers the sentencing guideline policy objectives of an effective and fair sentencing system. reasonable uniformity in sentencing, and proportionality. USSG Ch. 1, Pt. A, intro. comment. The Sentencing Commission pursued proportionality in obstruction of justice cases by making the sentences for obstruction of justice dependent on the seriousness of the underlying offense. *See* USSG § 2J1.2, comment. (backg'd) (applying the cross reference to § 2X3.1 "will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense"). Thus, we believe that the Sentencing Commission intended a defendant's obstruction of justice sentence to be determined by the nature of the underlying offense rather than by the timing of federal charges for the underlying offense or the law concerning any state charges, either of which could be completely fortuitous. To restrict the application of § 2X3.1 pursuant to counsel's arguments would frustrate the goals of proportionality and fairness. Finally, we

note that there is a general presumption against interpreting federal criminal laws so as to make their application dependent on state law. *See Taylor v. United States,* 495 U.S. 575, 590–92, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

■ As counsel's arguments are without merit and as Fields does not deny constructive possession of the firearm, we conclude that the district court did not err by imposing the firearm enhancement. *See United States v. Owusu,* 199 F.3d 329, 347 (6th Cir.2000).

■ Next, counsel argues that the district court abused its discretion by denying Fields's motion for a downward departure. Counsel contended below that a criminal history category of V over-represented the seriousness of Fields's criminal conduct because all of his past convictions, except for one, were misdemeanors.

This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt,* 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *United States v. Strickland,* 144 F.3d 412, 418 (6th Cir.1998); *see also Owusu,* 199 F.3d at 349. Where the record does not provide any reason to doubt that the district court properly understood its discretion, this court will assume that the district court did understand its discretion. *United States v. Ford,* 184 F.3d 566, 585 (6th Cir.1999).

In the instant case, the district court's denial of the downward departure motion was a purposeful decision made with full awareness of its discretion. In denying the motion, the district court remarked:

> The Court recognizes that it does have the authority to depart downward, but the Court will exercise its discretion and not depart downward in the case. The Court in reviewing this defendant's past criminal history does not believe that placing him in category five overstates the nature of his criminal history, so the Court will deny the motion for downward departure.

Because the district court recognized its legal authority to depart below the guideline range, this court may not review the district court's discretionary refusal to depart.

Accordingly, the district court's judgment is affirmed.