# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2780

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Joseph J. Kiser, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 10, 2007
Filed: February 6, 2007

_____

Before COLLOTON, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Joseph J. Kiser, defendant and appellant, pleaded guilty to distributing methamphetamine in a protected zone, see 21 U.S.C. § 841(a)(1), (b)(1)(B), and 21 U.S.C. § 860(a). The amount of methamphetamine, see U.S.S.G. § 2D1.1(a)(3), (c)(4), and the location of the transaction within 1000 feet of a school zone, see U.S.S.G. § 2D1.2(a)(2), established a base offense level of thirty-three. At sentencing the district court[1] reduced Kiser's offense level by three levels for acceptance of

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

responsibility, see U.S.S.G. § 3E1.1(a), (b), but added two levels for possession of a firearm, see U.S.S.G. § 2D1.1(b)(1). The court placed Kiser in Criminal History Category I, resulting in a recommended sentencing guidelines range of 121 to 151 months.

The district court sentenced Kiser to 121 months incarceration (ten years, one month). Kiser appeals.

Although we recognize the sentence is severe, it is within the guidelines range. See United States v. Plaza, 471 F.3d 876, 878-79 (8th Cir. 2006). Kiser principally asserts that a rule of lenity should bar a double enhancement of his sentence, i.e., an increase of his base offense level for distributing drugs near a school zone and a further two-level enhancement for possession of a firearm during relevant conduct.

We reject Kiser's argument. We decided a similar issue in United States v. Ault, 446 F.3d 821 (8th Cir. 2006). We said:

> The Guidelines provide that this enhancement "should be applied if the weapon was present, unless it is **clearly improbable** that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3). "[T]he dangerous weapon enhancement applies if the firearm is present during '**relevant conduct**,' as defined by U.S.S.G. § **1B1.3**(a)(2), not merely during the offense of conviction." United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005).

Ault, 446 F.3d at 824 (emphasis in the original). While Ault and the prior Savage case did not relate to the application of U.S.S.G. § 2D1.1(b)(1) to a conviction for distribution in a protected zone, as here, application note three to § 2D1.1 states that the "enhancement for weapon possession . . . . also applies to offenses that are referenced to § 2D1.1," including § 2D1.2(a)(1) and (2). No case directly supports Kiser's contention that the enhancement is inapplicable. Moreover, the interpretation

of the guidelines by this court requires that the district court apply the § 2D1.1(b)(1) relevant conduct enhancement in determining a suggested sentence pursuant to the guidelines.  See United States v. Fairchild, 189 F.3d 769, 779 (8th Cir. 1999) ("The district court *must* impose the [2D1.1(b)(1)] enhancement unless it finds that it is 'clearly improbable that the weapon had a nexus to criminal activity.'"  (emphasis added)).

There being no error in the sentencing, we affirm the conviction and sentence.

_____