**UNITED STATES of America,**
**Appellee,**

v.

**Jeane SARLO, Defendant–Appellant.**

No. 06–5489–cr.

United States Court of Appeals,
Second Circuit.

March 12, 2008.

Stephen A. Miller, Assistant United States Attorney (John M. McEnany, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Laurie S. Hershey, Manhasset, NY, for Appellant.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

**SUMMARY ORDER**

Jeane Sarlo appeals from an October 27, 2006 judgment of the United States District Court for the Southern District of New York (Casey, *J.*) sentencing her to thirty-six months' imprisonment and two years' supervised release after she pleaded guilty to a single count of conspiracy under 18 U.S.C. § 371. Sarlo conspired to obstruct justice and to make false statements to officials in connection with the submission of a false bail package on behalf of Cesar Agramonte, a defendant in a narcotics prosecution in the Eastern District of New York, in violation of 18 U.S.C. §§ 1503 and 1001. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Sarlo argues that the district court erred in applying the cross-reference in U.S.S.G. § 2J1.2(c)(1) to calculate her advisory sentencing range. She principally claims that the district court should have *sua sponte* ordered an evidentiary hearing to determine the scope of her knowledge regarding Agramonte's narcotics conspiracy. In the alternative, Sarlo insists that her guidelines should have instead been calculated with reference to § 2J1.2(b)(2), which governs "substantial interference with the administration of justice."

Sarlo's first argument fails because §§ 2J1.2(c)(1) and 2X3.1 do not incorporate a specific knowledge element. Instead, the criminal offense "in respect to" which the obstruction was undertaken is an objective fact that lacks a scienter requirement. *See* § 2J1.2(c)(1). Thus, Sarlo's knowledge regarding the scope of Agramonte's drug conspiracy would only be relevant had the Government sought to increase the base offense level by "any

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

applicable specific offense characteristics that were known, or reasonably should have been known, to the defendant." *See* § 2X3.1 cmt. n. 1. That was not the case here.

Sarlo's second argument lacks merit because § 2J1.2(c)(1) plainly states that the cross-reference should be applied "if the resulting offense level is greater than that determined above." U.S.S.G. § 2J1.2(c)(1). Moreover, "application of the § 2X3.1 cross-reference provision [is] mandatory," and is not a matter within the discretion of the sentencing court. *See, e.g., United States v. Kimble,* 305 F.3d 480, 486 (6th Cir.2002). Thus, the district court properly concluded that the cross-reference provision of § 2J1.2(c)(1) applied in this case.

Sarlo further argues that she received ineffective assistance of counsel at sentencing. A defendant seeking to attack her conviction based on ineffective assistance of counsel must: (1) show that counsel's performance fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice" by demonstrating that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–89, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Sarlo's ineffective assistance claims fail to meet this demanding standard: none of them suggest unreasonableness on the part of counsel below, nor any reasonable probability of a better result had they been raised.

Finally, Sarlo argues that her thirty-six month sentence—ten months lower than the minimum prescribed by the Sentencing Guidelines—is substantively unreasonable due to its severity. "The courts of appeals review sentencing decisions for unreasonableness." *United States v. Booker,* 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Substantive reasonableness review considers whether the length of the sentence is reasonable in light of the applicable Guidelines range and the other factors set forth in 18 U.S.C. § 3553(a). *United States v. Crosby,* 397 F.3d 103, 114 (2d Cir.2005). In explaining his sentence, Judge Casey stated that he had considered all of the § 3553(a) factors in reaching his decision to impose a below-Guidelines sentence. He noted Sarlo's age, health problems, charitable acts and involvement with her church. Judge Casey also noted, however, that any further reduction in sentence would be inappropriate in light of the seriousness of Sarlo's criminal conduct, which included perjuring herself on two separate occasions in two different courts to obtain the release on bail of criminals engaged in ongoing crimes. Given these circumstances, there is no basis to conclude that Sarlo's sentence is substantively unreasonable.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**