NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0104n.06

No. 08-4663

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 17, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR THE
COLBURN KINZER, )  SOUTHERN DISTRICT OF OHIO
)
    Defendant-Appellant. )
)
)

Before:  MERRITT, MOORE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Defendant-appellant Colburn Kinzer appeals

from the 60-month sentence imposed by the district court upon Kinzer's guilty plea to several drug-

trafficking offenses relating to the distribution of prescription medication.  Kinzer challenges the

district court's calculation of his base offense level under United States Sentencing Commission

Guidelines Manual (U.S.S.G.) § 2D1.2(a)(2), which included a specific offense characteristic

pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with his drug

trafficking offenses.  Kinzer also argues that the sentence imposed by the district court was

substantively unreasonable in light of certain mitigating factors.

For the following reasons, we affirm the sentence imposed by the district court.

1

I.

On April 8, 2008, a grand jury returned a sixteen-count indictment charging Kinzer with one count of distribution of oxycodone, a Schedule II controlled substance, within 1,000 feet of a school, a number of counts of distribution of controlled substances, several counts of possession with intent to distribute controlled substances, and one count of possession of a firearm by a convicted felon. Pursuant to a plea agreement, Kinzer pled guilty to six counts: one count of distribution of oxycodone within 1,000 feet of a school in violation of 21 U.S.C. §§ 841(a)(1) and 860, four counts of distribution of controlled substances in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). As part of the plea agreement, Kinzer also admitted that he committed the offenses charged in the remaining counts of the indictment.

Prior to sentencing, Kinzer objected to the Presentence Investigation Report's ("PSI") inclusion of a two-level specific offense characteristic under U.S.S.G. § 2D1.1(b)(1) (possession of a dangerous weapon) in the calculation of Kinzer's base offense level under § 2D1.2 (drug offenses occurring near protected locations). The district court overruled his objection and, after including the two-level Specific Offense Characteristic for possession of a dangerous weapon in its base offense level calculation, determined that Kinzer's total offense level of 28 combined with a criminal history category of II resulted in a Guidelines range of 87-108 months imprisonment. The district court then sentenced Kinzer to 60 months imprisonment. Kinzer timely appealed.

## II.

Kinzer's sole challenge to the guidelines calculation is that the district court erroneously calculated his base offense level because, according to Kinzer, the language of U.S.S.G. § 2D1.2 does not permit an enhancement for possession of a firearm as a specific offense characteristic under § 2D1.1(b)(1). He argues that, because the express language of § 2D1.2(a)(2) directs that the base offense level for drug offenses occurring near protected locations to be "1 plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense," the district court may not apply any specific offense characteristics from § 2D1.1 because the base offense level may be based upon only the quantity of drugs pursuant to the drug quantity table in § 2D1.1(c). Therefore, according to Kinzer, the district court was not permitted to apply a two-point specific offense characteristic enhancement for possession of a firearm under § 2D1.1(b)(1).

Because Kinzer does not contest that he possessed a weapon, we review the district court's legal conclusions and the application of the Guidelines to this set of undisputed facts *de novo*. *United States v. Kimble*, 305 F.3d 480, 485 (6th Cir. 2002); *United States v. Clay*, 117 F.3d 317, 319 (6th Cir. 1997). In interpreting U.S.S.G. § 2D1.2(a)(2), we must "first examine the plain language of the Guideline at issue." *United States v. Fore*, 507 F.3d 412, 415 (6th Cir. 2007); *see also United States v. Cobb*, 250 F.3d 346, 349 (6th Cir. 2001) ("Sentencing guidelines should be read as they are written."). In interpreting the guideline, however, the court "should also treat the commentary to the Guidelines as authoritative." *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005) (citing *Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal

statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.")).

The plain language of the applicable Guidelines and the related commentary belie Kinzer's argument that § 2D1.2(a)(2) prevents a firearm enhancement under § 2D1.1(b)(1). While the language of § 2D1.2(a)(2) does reference the "offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense," the use of the term "offense level" indicates that the offense level from the entire guideline referenced, including specific offense characteristics, be used. According to § 1B1.5(b):

> [a]n instruction to use the offense level from another offense guideline refers to the offense level from the entire offense guideline (i.e., the base offense level, specific offense characteristics, cross references, and special instructions), except [that] . . .
>
> [a]n instruction to use a particular subsection or table from another offense guideline refers only to the particular subsection or table referenced, and not to the entire offense guideline.

U.S.S.G. § 1B1.5(b). Here, because language instructs that the "offense level" from § 2D1.1 be used, the application of the entire offense guideline from that section including the specific offense characteristic in § 2D1.1(b)(1) was appropriate. This reading is confirmed by the Commentary to § 1B1.5, which lists § 2D1.2(a)(2) as an example of a reference to another offense guideline that "incorporate[s] the specific offense characteristics, cross references, and special instructions as well as the base level." U.S.S.G. § 1B1.5 cmt. n.1. Furthermore, the Commentary to § 2D1.1 references § 2D1.2 as an example of an offense "referenced to § 2D1.1" to which the firearms-related special offense characteristic found in § 2D1.1(b) would apply. U.S.S.G. § 2D1.1 cmt. n.3. It is therefore evident from the plain language and commentary of the Guidelines that the district court's

4

application of the firearm special offense characteristic in § 2D1.1(b) was appropriate.[1]

III.

Appellate review of sentencing decisions is limited to determining whether they are reasonable, based upon an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Shor*, 549 F.3d 1075, 1077 (6th Cir. 2008). We must first "ensure that the district court committed no significant procedural error," and then "consider the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51. A "sentence may be substantively unreasonable 'when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent [18 U.S.C.] § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007) (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). Where the sentence falls within the Guidelines range, a presumption of reasonableness applies. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (*en banc*). It therefore "follows from simple logic that [a] *below*-Guidelines sentence . . . is presumed not to be unreasonably severe." *United States v. Bailey*, 264 F. App'x 480, 485 (6th Cir. 2008).

Kinzer argues that the 60-month sentence imposed by the district court was unreasonable in light of the facts before it. Kinzer contends that he was not a threat to society because his age and

---

[1]Courts that have addressed or considered this topic are in accord with this reading. *See United States v. Kiser*, 212 F. App'x 579, 580 (8th Cir. 2007) (rejecting, based upon § 2D1.1 cmt. n.3, the argument that including a two-level specific offense characteristic under § 2D1.1(b)(1) after employing § 2D1.2(a)(2) for distribution of a controlled substance within 1000 feet of a school constituted "double enhancement of [the defendant's] sentence"); *see also, e.g.*, *United States v. Howard*, 309 F. App'x 760, 768 (4th Cir. 2009); *United States v. Vittek*, 228 F. App'x 469, 473 (5th Cir. 2007); *United States v. Guyton*, 36 F.3d 655, 657 (7th Cir. 1994).

health problems factor against any potential recidivism. He further points to his strong family and community ties and his lack of need of any further vocational training as reasons why a sentence below sixty months would provide a sufficient, but not greater than necessary, sentence under 18 U.S.C. § 3553(a).

But the district court expressly considered and weighed these facts in its discussion of the required § 3553(a) factors. The district court discussed Kinzer's age, health, family ties, and educational and vocational experience, before turning to a consideration of the nature of the crime. The court agreed with the government that Kinzer's actions amounted to "injecting poison into the community," and concluded that while it thought as a general rule that one's propensity to engage in crimes diminishes with age, Kinzer's "criminal activity appears to be more blatant the older he gets." The court then engaged in a detailed discussion of the remaining relevant factors, including the safety of the community, deterrence, and the potential for rehabilitation. After completing its § 3553(a) inquiry, the district court went on to impose a sentence *below* the advisory Guidelines range "due to the factors of [Kinzer's] age and health." The district court's downward variance therefore appears to have taken into full consideration the mitigating facts proffered by Kinzer.

"The fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of section 3553(a) in all relevant respects." *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006). Because the district court adequately considered the factors set forth in § 3553(a) and imposed a sentence below the applicable Guidelines range, Kinzer's sentence was reasonable.

IV.

For the foregoing reasons, we affirm the sentence imposed by the district court.