**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Shawte Debar PRICE, Defendant–Appellant.**

No. 00–2399.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2002.

Before JONES and COLE, Circuit Judges; SARGUS, District Judge.*

## OPINION

COLE, Circuit Judge.

This is an appeal from sentence in a contempt of court action. Defendant–Appellant Shawte Debar Price pleaded guilty to contempt of court, a violation of 18 U.S.C. § 401, for failing to obey a direct order to testify at the trial of Quincy Price, Defendant's brother. Because we agree with the district court that the obstruction of justice provision of § 2J1.2 of the U.S. SENTENCING GUIDELINES MANUAL (2000) is the most analogous to the facts in this case, we AFFIRM the judgment of the district court.

## BACKGROUND

On May 11, 2000, a grand jury for the Western District of Michigan, Southern Division, returned a two-count superseding indictment naming Price as the sole defendant for being in contempt of court.

Previously, on December 4, 1997, Defendant and his brother, among others, were indicted for conspiracy to unlawfully distribute and possess with intent to distribute cocaine, cocaine base, and marijuana contrary to 21 U.S.C. § 841(a)(1). Defendant pleaded guilty pursuant to a plea

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

agreement in which he agreed to cooperate with the prosecution and testify against other members of the conspiracy. Defendant received a three-level reduction in consideration for this agreement. Defendant ultimately testified before the grand jury.

Anticipating the need for Defendant to testify at the trial of his brother, the Government applied to the trial judge for an order requiring Defendant's testimony. On September 21, 1999, Judge McKeague signed the order, pursuant to 18 U.S.C. § 6002, directing Defendant to provide testimony at trial.

On January 6, 2000, the trial of Quincy Price commenced before Judge McKeague. On January 7, 2000, the Government called Defendant as a witness to provide testimony against his brother. Defendant answered preliminary questions, revealed to the jury that he had testified before the grand jury, identified his brother for the record, and acknowledged his guilty plea and current service in prison for cocaine distribution. However, Defendant refused to answer questions relating to his own or Quincy Price's involvement in illegal drug activity. Defendant asserted his Fifth Amendment privilege against self-incrimination as his reason for refusing to testify.

On January 11, 2000, the Government recalled Defendant to testify at the trial of Quincy Price and he again refused to answer any questions. Upon his continued refusal to answer questions, the court advised Defendant that his Fifth Amendment privilege was unavailable as a result of his immunity pursuant to 18 U.S.C. § 6002. The court ordered and directed Defendant to answer questions asked by the Government. The court also advised Defendant that his failure to answer questions could result in his prosecution for criminal contempt. Defendant retook the stand and maintained his silence.

The jury convicted Quincy Price of conspiracy to distribute and to possess with intent to distribute cocaine, cocaine base, and marijuana on January 14, 2000.

Thereafter, the grand jury indicted Defendant for contempt of court. On July 31, 2000, Defendant pled guilty to Count 2 of the superseding indictment pursuant to a written plea agreement. The pre-sentence investigator determined obstruction of justice, U.S.S.G. § 2J1.2, was the guideline appropriate for application in this case. Section 2J1.2(c)(1) of the Guidelines refers the court to U.S.S.G. § 2X3.1 (Accessory After the Fact) if the "offense involved obstructing the investigation or prosecution of a criminal offense." Finding that defendant's failure to testify constituted such an obstruction, the probation officer applied § 2X3.1(a) to give Defendant a base offense level of 30. This was adjusted downward by three points under § 3E1.1 (Acceptance of Responsibility) for a total base offense level of 27. Accepting the probation officer's report, the district court sentenced Defendant to a hundred-month term.

Defendant objected to the use of § 2J1.2 and asserted that § 2J1.5 (Failure to Appear by Material Witness) was more closely analogous to the crime charged. The district court determined that the obstruction of justice guideline was most appropriate. This appeal follows.

## DISCUSSION

### STANDARD OF REVIEW

We review the district court's legal conclusions regarding the application of the Sentencing Guidelines *de novo;* however, we accept the district court's findings of fact unless they are clearly erroneous. *United States v. Gort–Didonato,* 109 F.3d 318, 320 (6th Cir.1997).

## SENTENCING GUIDELINE

The district court did not err in applying the Guidelines.

The guideline for contempt, § 2J1.1, directs the court to U.S.S.G. § 2X5.1 which instructs the court to apply the most analogous offense guideline. The district court concluded that U.S.S.G. § 2J1.2 (Obstruction of Justice) was the most analogous offense guideline. The application notes to § 2J1.1 permit such a finding, stating that "[i]n certain cases the offense conduct will be sufficiently analogous to § 2J1.2 (Obstruction of Justice) for that guideline to apply." U.S.S.G. § 2J1.1, cmt. n. 1.

The dispositive question is whether Defendant intended to obstruct justice or simply remain silent. *See United States v. Ortiz*, 84 F.3d 977, 981 (7th Cir.1996). In order to show intent to obstruct justice, the Government must point to specific acts by the defendant resulting in the obstruction of justice, or otherwise show the defendant's conduct was designed to interfere with the administration of justice. *Id.*

In *Ortiz*, Manuel Hurtado, an immunized co-conspirator of Julio Ortiz, failed to answer fully the questions put to him by the Government, despite orders from the district court. The prosecution urged Hurtado be sentenced under the obstruction of justice provision of § 2J1.2 because he was acting as an accessory after the fact. *Id.* The Seventh Circuit held that Hurtado's refusal to testify at the trial of co-defendant Oritz was motivated more by an aversion to being known as a "snitch or an informer" than by a desire to aid Ortiz. *Id.* Title 18, section 3, of the United States Code defines an accessory after the fact as a person who, "knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial or punishment." The court concluded it was impossible for Hurtado to be guilty of this crime, considering he was incarcerated during the period of time in question, and found the failure to appear guideline more appropriate. *Id.* at 982. However, the court finished its analysis by stating, "This is not to say that the failure to appear guideline must be used by analogy in all cases involving criminal contempt citations stemming from a failure to testify. In some situations, the use of other guidelines—obstruction of justice and accessory after the fact, to name two—might be better fits." *Id.* at 982.

In this case, the Government pointed to enough specific acts to allow the district court to conclude that the defendant intended to obstruct justice by not testifying. Price had previously decided to enter into a plea agreement with the Government in exchange for full cooperation. He had already supplied critical information before a grand jury during which he indicated his criminal dealings with co-conspirators. He refused to testify after having received considerable benefits, including a three point reduction on his sentence for cooperating with the Government. Furthermore, he refused to testify at trial only after his brother had been apprehended and the brothers had had an opportunity to talk. As the district court remarked:

> [T]his is not the instance of a defendant simply appearing and sitting in the back of the courtroom and then refusing to testify.... This is a case where, in order to further his own situation, Mr. Shawte Price decided ... that it was in his best interests to enter into a plea agreement to testify before a grand jury, including testimony unfavorable to his own brother. It appears that only after his brother was arrested, incarcerated, and they had a chance to talk that

he decided that blood was thicker than a plea agreement . . . .

JA at 162.

We agree with the district court. Instead of *Ortiz,* we find this case presents itself more like *United States v. Brady,* 168 F.3d 574 (1st Cir.1999). In *Brady,* the grand jury summoned an immunized Brady to testify against two other men in a robbery and murder case. Brady refused to testify despite an order by the district court and subsequently pleaded guilty to criminal contempt. In the course of sentencing Brady, the judge discovered that Brady had been criminally involved with the other two defendants, and that he had substantial knowledge of their plans. As a result, the court employed the obstruction of justice offense level set forth in the accessory after the fact provision of the Guidelines. The First Circuit affirmed, holding that the district court could have concluded from the facts that Brady's refusal to testify was motivated, not by an abstract desire not to testify, but because he wanted to impede the investigation and protect his co-conspirators. *Id.* at 580. We find the facts in *Brady* more clearly analogous to the case at bar than *Ortiz.*

Other circuits support this reasoning by likewise applying U.S.S.G. § 2J1.2 to contempt convictions. *See United States v. Marquardo,* 149 F.3d 36 (1st Cir.1998) (Section 2J1.2 most analogous offense for criminal offense where defendant refused to testify before a grand jury); *United States v. Remini,* 967 F.2d 754 (2d Cir. 1992) (Section 2J1.2 most analogous offense for criminal contempt where immunized defendant refused to testify at trial of mob boss; the court rejected defendant's argument for application of § 2J1.5); *United States v. Voss,* 82 F.3d 1521 (10th Cir.1996) (Section 2J1.2 was the most analogous guideline where the basis of contempt was defendant's violation of court

order to produce records before a grand jury; the court rejected the defendant's argument for application of § 2J1.5).

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.