RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0066P (6th Cir.)
File Name: 03a0066p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

      *v.*

     No. 01-1634

FRANK H. ROCHE,
      *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-80356—George C. Steeh, District Judge.

Submitted: November 4, 2002

Decided and Filed: February 27, 2003

Before: KEITH, KRUPANSKY, and CLAY, Circuit
Judges.

———————————

**COUNSEL**

**ON BRIEF:** Mark H. Magidson, Detroit, Michigan, for
Appellant. Barbara L. McQuade, ASSISTANT UNITED
STATES ATTORNEY, Detroit, Michigan, for Appellee.

1

---

**OPINION**

---

KRUPANSKY, Circuit Judge.  The defendant-appellant, Frank H. Roche ("Roche"), has challenged his sentence entered pursuant to his plea of guilty for obstructing the administration of justice under 18 U.S.C. § 1503(a), when he submitted false documents  to the court for his underlying bank robbery conviction, causing an unwarranted downward departure to his imposed incarceration.  Roche has also contested the district court's application of the  United States Sentencing Guidelines ("U.S.S.G.") § 3C1.1, enhancing his sentence, as a consequence of appellant's efforts to influence witness testimony during the investigation of the obstruction case *sub judice*.  Roche has advanced three objections to the district court's sentencing determination.  First, Roche has maintained that his acceptance of responsibility for obstructing justice should garner him a three point downward departure under U.S.S.G. § 3E1.1.  Second,  because Roche did not obstruct the *investigation or prosecution* of his bank robbery conviction the court  should have applied U.S.S.G. § 2J1.2(a) rather than U.S.S.G. § 2J1.2(c).  Finally, Roche has urged that the witness, Ketura Kulberg, lacked credibility regarding the tampering charge, thus barring the application of  U.S.S.G.  § 3C1.1.   Roche's  objections  do  not  abide scrutiny.   For  the  reasons  indicated  below  we  affirm  the district court's application of U.S.S.G. § 3E1.1, § 2J1.2(c) and § 3C1.1.

On September 1, 1999, Roche pled guilty to bank robbery charges pursuant to a Rule 11 plea agreement before Judge Paul D. Borman in the Eastern District of Michigan. (*United States of America v. Frank Roche*, No. CR 99-80523)  The plea agreement capped Roche's sentence at 33 months.

Prior to sentencing, Roche submitted several documents including: a letter from Ketura Kulberg, the mother of his children; a character reference from Bernice Peters, an administrator at a battered women's shelter; and a letter from

Roche has denied he approached Kulberg in an effort to influence her testimony regarding the fabricated letter.  He has also maintained that the witness lacked credibility because she was angry over a looming child-custody battle with the defendant.  As previously noted herein, unless clearly contrary to the facts, the determination of credibility lies with the district court. *Arredondo v. United States.,* 178 F.3d 778, 783 (6th Cir. 1999).  During Roche's sentencing hearing for the obstruction conviction, Kulberg testified that she did not write, sign, or authorize the letter submitted by Roche in her name and, moreover,  that the letter was factually inaccurate. She further indicated that she had specifically declined to write a letter to the court on Roche's behalf.  Finally, Kulberg testified  that after she had notified Judge Borman regarding the fraudulent nature of the letter, Roche approached her and insisted that she recant her assertions by telling the FBI that she had tacitly given Roche permission to write the letter in her name.  As such, appellant's effort to convince Kulberg to forswear  her  statements  clearly  qualifies  as  a  "further obstruction" under § 3C1.1.

Moreover,  at  Roche's  sentencing  hearing  for  the obstruction conviction, the district court acknowledged the veracity  of  Kulberg's  testimony,  remarking  that,  "I'm satisfied  that  the  conversation  took  place  exactly  as described."  The controlling precedents of this court have maintained that "[c]redibility determinations are for the trial court, not for the court of appeals.  Unless the district court's finding of fact is clearly erroneous, we must accept it" *Zajac*, 62 F.3d at 148 (quoting *Crousore*, 1 F.3d  at 385-86).

Finally, the appellant's February 3, 2003 motion to expedite decision is dismissed as moot.

Consequently,  this  court  affirms  the  district  court's decision.

The fictitious documents Roche submitted materially influenced Judge Borman to award the undeserved downward departure.[2] Judge Borman, who presided over Roche's bank robbery sentencing specifically relied on the letter, purportedly written by Ketura Kulberg, in which she detailed the financial support Roche provided for their children. Kulberg testified the letter was fabricated, that Roche did not provide financial support for their children, and that she did not authorize him to write the letter. Additionally, the judge noted that Roche's employment status was also a factor in his sentencing decision. Although Roche was actually unemployed at the time of sentencing, he had nevertheless submitted documents and letters inventing a contrived employer and salary.

Finally, the district court enhanced Roche's sentencing by two additional levels through the application of § 3C1.1 to appellant's obstructive conduct. Section 3C1.1 provides for a two-level increase if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction." Application of this adjustment is warranted, when "unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, comment n. 4(a). Further, the guidelines indicate that if, as in the case *sub judice*, a defendant has been convicted of an offense embraced by § 2J1.2 or § 2X3.1, the courts may apply an enhancement, under § 3C1.1, only when "a significant further obstruction occurred during the investigation, prosecution, or sentencing of the obstruction offense itself (e.g. if the defendant threatened a witness during the course of the prosecution for the obstruction offense)." U.S.S.G. § 3C1.1, comment n. 7.

---

[2] Even if Roche had not been successful in obstructing justice by submitting the false documents, § 2J1.2(c) still would apply. Section 2J1.2(c), and its cross-reference to § 2X3.1, apply equally to *attempts* to obstruct justice. *See United States v. Aragon*, 983 F.2d 1306, 1316 (4th Cir. 1993).

Claudia Brayndt, verifying his place of employment together with confirming employment documents. None of the submitted documents were authentic. The documents were fabrications calculated to generate a downward departure in sentencing Roche arising from his robbery conviction.

Relying upon the submitted documents, on April 5, 2000, Judge Borman granted defendant's motion for a downward departure from the imposed sentencing guideline range of 30-37 months to 18 months. Judge Borman noted during the hearing that his decision to grant the downward departure was anchored in defendant's representations that he had continued child support payments to Ketura Kulberg and held *bona fide* employment.

After Kulberg notified the district court that a fraudulent letter had been submitted in her name, Roche was charged with obstruction of justice. Compounding this effort at deception, Roche approached Kulberg, subsequent to his arrest for obstruction of justice, and requested that she advise the FBI that she, Kulberg, had consented to permit Roche to write the letter he had forged.

On January 8, 2001, Roche appeared before Judge Steeh and pled guilty to one count of obstruction of justice, in violation of 18 U.S.C. § 1503(a). At Roche's sentencing hearing on April 26, 2001, Judge Steeh imposed a sentence of 33 months, to be served concurrently with the time remaining on the sentence for bank robbery. In arriving at Roche's sentence Judge Steeh applied U.S.S.G. §2J1.2(c), incorporating Roche's obstruction conduct as an accessory after the fact under the cross-referenced U.S.S.G. §2X3.1. The district court also imposed a two level enhancement under U.S.S.G. § 3C1.1, arising from appellant's attempt to suborn perjury of a witness. Finally, the court refused to assign the three point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

This timely appeal followed. This court has proper jurisdiction under 28 U.S.C. § 1291. This circuit has consistently applied the clearly erroneous standard to district

court applications of U.S.S.G. § 3E1.1, § 2J1.2(c), and § 3C1.1. *United States v. Zajac*, 62 F.3d 145, 148 (6th Cir. 1995). Legal precedent within this circuit mandates that in resolving conflicting testimony between witnesses, "[c]redibility determinations are for the trial court, not for the court of appeals. Unless the district court's finding of fact is clearly erroneous, we must accept." *Id.* (quoting *United States v. Crousore*, 1 F.3d 382, 385-86 (6th Cir. 1993)).

Roche has, first, maintained that he should have received a three-level reduction for his timely acceptance of responsibility, under § 3E1. 1, in the obstruction of justice conviction. This court dictates that Roche has the affirmative burden to "clearly demonstrate acceptance of responsibility for his offense." *Crousore*, 1 F.3d at 386.

As a result of the sentencing hearing addressing Roche's efforts to elicit perjured testimony from Ketura Kulberg, Judge Steeh determined that the instant dispute was not "one of those rare cases that should yield a reduction for acceptance of responsibility." Instead, Judge Steeh noted a recurrent pattern of obstruction by Roche, in "a continuation of the same basic conduct," that forced the government to bring Kulberg from Florida to prove the inculpatory information submitted by Roche.

Nor did Roche accept responsibility for "any additional relevant conduct for which he is accountable under § 1B1.3." U.S.S.G. § 3E1.1, comment n. 3. Namely, Roche insisted throughout the proceedings that, in the face of reliable and truthful testimony, he did not approach Ketura Kulberg in an attempt to convince her to recant her testimony before the FBI. Consequently, under § 3E1.1, Roche's conduct did not amount to "significant evidence of acceptance of responsibility." U.S.S.G. § 3E1.1, comment n. 3. *See United States v. Harper*, 246 F.3d 520, 527-28 (6th Cir. 2001) (noting that only in the "extraordinary" case does the defendant's obstructive conduct not outweigh the defendant's acceptance of responsibility and requiring more, as a matter of law, than a guilty plea after an attempt to obstruct justice

to demonstrate that the defendant's case is "extraordinary"), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir.).

Secondly, Judge Steeh applied U.S.S.G. § 2J1.2(c) in determining Roche's sentence for his obstruction of justice conviction.[1] Roche's offense amounted to providing false documents to influence the court's consideration in arriving at a sentence in his bank robbery offense. His conduct obstructed the prosecution of that criminal offense because it resulted in an unwarranted sentence of 18 months rather than the statutory 30-33 months.

Roche has argued that the false documents he submitted to the court for consideration in the sentencing procedure did not obstruct the investigation of the bank robbery case because "the case was for all intents and purposes ended." This argument misconstrues the scope of U.S.S.G. § 2J1.2. Under the guideline, § 2J1.2(c) encompasses both the investigation and prosecution of a case. The sentencing stage of Roche's bank robbery conviction continued to entail the prosecution of the offense and Roche's submission of fraudulent documents was an effort, temporarily successful, to induce the court to impose a gratuitous downward departure from the guidelines. *See Bradley v. United States*, 410 U.S. 605, 609 (1973) ("In the legal sense, a prosecution terminates only when sentence is imposed.").

---

[1]U.S.S.G. § 2J1.2(c) provides: "If the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to the criminal offense, if the U.S.S.G. § 2X3.1 states, in turn, that the base offense level is "6 levels lower than the offense level for the underlying offense, but in no event less than 4, or more than 30." All parties agreed at the sentencing in Roche's underlying bank robbery case that the base offense level for the offense was 22. Six levels less than 22 is 16. Because the offense level of 16 is higher than the offense level of 15 determined in § 2J1.2(a) and (b), the correct base offense level is 16. *See United States v. Kimble*, 305 F.3d 480, 485 (6th Cir. 2002).