**Carl Anthony ROBINSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Defendants–Appellees.**

No. 01–2390.

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

---

Before BATCHELDER and CLAY, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

Carl Anthony Robinson appeals from a judgment of the District Court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. He contends that his counsel provided ineffective assistance by having failed to file a notice of appeal from his sentence. The district court granted a certificate of appealability on the issue. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and for the reasons stated below we affirm.

## FACTUAL BACKGROUND

On April 16, 1996, Robinson was indicted by a grand jury on ten counts of drug distribution and firearms violations. On September 20, 1996, Robinson pled guilty to one count of illegal possession of a firearm in violation of 18 U.S.C. § 922(g) and one count of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). A few months after entry of the plea, Robinson's then-attorney moved to withdraw the plea. On May 15, 1997, Robinson retained a new attorney, Warren Harris. Harris and Robinson decided that it would not be in Robinson's best interest to go to trial after all. On October 27, 1997, Harris withdrew the motion to withdraw the plea.

On April 24, 1998, Robinson appeared for sentencing. Harris stated to the court, and the government confirmed, that the government was unwilling to make a substantial assistance motion for a departure and that under the plea agreement the sentencing cap was 111 months. The court then imposed a sentence of 111 months. Robinson remained free on bail pending instructions to report to commence service of his sentence.

On July 17, 1998, Robinson filed an initial motion to vacate his sentence *pro se,* later withdrawn. On November 5, 1998, Robinson filed the instant petition to vacate his sentence, alleging *inter alia* ineffective assistance of counsel. The district court rejected most of Robinson's claims without hearing, but referred the ineffective assistance claim to the magistrate

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

judge for an evidentiary hearing. Following the hearing, the magistrate judge on February 9, 2001, issued a Report and Recommendation, recommending denial of the petition. The district court adopted the Report and Recommendation. Now represented by new counsel, Robinson timely appeals.

## DISCUSSION

Under *Strickland v. Washington,* 466 U.S. 668, 687, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to succeed on an ineffective assistance of counsel claim, a defendant must show that his counsel's performance was deficient and that as a result he suffered actual prejudice. Proof that a lawyer has disregarded a defendant's specific instruction to file a notice of appeal satisfies both the deficient performance and prejudice prongs of *Strickland. Roe v. Flores–Ortega,* 528 U.S. 470, 477, 485, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim").

Robinson "contends he was denied the effective assistance of counsel when his attorney did not file a direct appeal for him following his federal sentencing, even though [he] requested his attorney to do so." Appellant's Br. at 12. Thus, the issue before the district court was whether Robinson asked or directed Harris to file a notice of appeal. The bulk of the testimony adduced at the February 9, 2001, evidentiary hearing concerned the question whether Robinson had been led to expect a lesser sentence. Because this is not an issue that has been raised on appeal, this evidence is not relevant. The evidence

concerning the taking of an appeal is quite brief and, as shown below, it is in conflict.

Harris testified as follows:

Q. Did you discuss filing an appeal with him while, immediately following the sentencing?

A. Mr. Robinson did not ask me to file an appeal.

J.A. 293.

. . .

THE COURT: Okay. But are you saying— I think her question was did you discuss immediately after the sentencing anything about the appeal?

A. That I do not recall, Your Honor.

. . .

Q. Okay. After the court had advised Mr. Robinson of his appellate rights, do you recall having a conversation with him to further explain his appeal rights.?

A. No, I don't recall a conversation with him.

J.A. 294.

. . .

Q. So it's your testimony that you do not recall Mr. Robinson, you do not recall discussing the appeal issue with Mr. Robinson at all?

A. No.

[Colloquy with the court]

Q. My question is did he discuss—he does not recall discussing an appeal with Mr. Robinson after the sentencing.

A. And my earlier, I believe I made it a very emphatic statement. I said Mr. Robinson did not ask me to file an appeal.

J.A. 297.[1]

Robinson testified that immediately following the sentencing, he, Harris and Rob-

---

1. In a letter to the Assistant United States Attorney, written December 13, 1999, shortly before the hearing, Harris stated that "the allegation that Mr. Robinson asked me to file

inson's common-law wife, Nina Tate, talked about an appeal outside the court room. Harris said he could not win. Under questioning of his counsel Robinson testified as follows:

Q. Okay. So is it your testimony that you brought up the issue of appeal after your sentencing?

A. Right.

Q. And that you asked him to file an appeal for you?

A. I asked him, he said we couldn't win.

Q. But you specifically asked him and said, I want to appeal?

A. Yes, I did.

Q. Or words to that effect?

A. Yes.

Q. And his response was?

A. You can't win.

J.A. 357.

Nina Tate also testified about the conversation following the sentencing:

Q. Okay. And at any time after the sentencing that day, did either you or Mr. Robinson say, I want you to file an appeal to Mr. Harris?

A. Mr. Robinson.

Q. Okay.

A. I never said it. Mr. Robinson said, asked as we were conversating [sic] outside.

Q. Okay. Did he specifically say, I want you to file an appeal?

A. Yes. He was unhappy with the sentencing, yes.

J.A. 378.

The magistrate judge's relevant finding was as follows:

The court further finds by a preponderance of the evidence that Mr. Robinson an appeal on his behalf is totally erroneous.... We never discussed filing an appeal

did question Mr. Harris after the sentencing as to what, if any, action could be taken to reduce the time received, but that when informed that an appeal would be unsuccessful and that he would be subjected to the possibility of additional time if he sought to set aside the sentence and go to trial, he declined to further pursue the case. The court finds that Mr. Robinson did not direct Mr. Harris to file an appeal on his behalf.

After reviewing the record, the district court concurred.

"Legal precedent within this circuit mandates that in resolving conflicting testimony between witnesses, '[c]redibility determinations are for the trial court, not the court of appeals. Unless the district court's finding of fact is clearly erroneous, we must accept.'" *United States v. Roche*, 321 F.3d 607, 609 (6th Cir.2003) (quoting *United States v. Crousore*, 1 F.3d 382, 385–86 (6th Cir.1993)). "A finding of fact will only be clearly erroneous when, although there may be some evidence to support the finding, 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Latouf*, 132 F.3d 320, 331 (6th Cir.1997) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

We must affirm the district court's decision because the district court interpreted the evidence in a manner consistent with the record.... Specifically the magistrate judge, whose findings were adopted by the district court, determined that Regalado had failed to direct Yzaguirre to file an appeal. Even if we were to give more credit to Yzaguirre's testimony that Regalado may have been on his behalf...." Ex. 3, J.A. 190.

confused and expected an appeal, the result would remain unchanged. "[T]he court of appeals may not reverse ... even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."

*Regalado v. United States,* 334 F.3d 520 (6th Cir.2003) (citations omitted) (quoting *Anderson,* 470 U.S. at 574, 105 S.Ct. 1504). While the evidence may be conflicting and confusing, we are not convinced that a mistake has been made on the part of the district court or the magistrate judge.

## CONCLUSION

Finding no clear error, we AFFIRM the judgment.