**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0661n.06**

**No. 08-2349**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Oct 27, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,                   )
                                             )
    **Plaintiff-Appellee,**                  )
                                             )
v.                                           )
                                             )
EDWARD JAMES SCHWARTZ,                        )
                                             )
    **Defendant-Appellant.**                 )

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

**O P I N I O N**

**BEFORE: NORRIS, MOORE, and McKEAGUE, Circuit Judges.**

    **ALAN E. NORRIS, Circuit Judge.** Edward Schwartz pleaded guilty to one count of conspiracy to defraud the United States by evading income tax. In this direct appeal, defendant challenges the procedural reasonableness of the sentence imposed upon him by the district court. For the reasons that follow, we affirm.

**I.**

    On January 9, 2008, Schwartz and his wife (who is not a party to this appeal) were indicted by a federal grand jury on one count of conspiracy to defraud the United States by evading income tax, in violation of 18 U.S.C. § 371, and three counts of attempt to evade income tax, in violation of 26 U.S.C. § 7201; 18 U.S.C. § 2. On May 19, 2008, the day on which his trial was set to begin, Schwartz pleaded guilty to the conspiracy charge (Count One).[1] At his plea colloquy, Schwartz

_____

[1]The remaining counts of the indictment were subsequently dismissed on motion by the government.

admitted that, among other things, he and his wife had created fictitious trusts designed to hide income and assets from the IRS and that they had transferred real and personal property to those trusts to frustrate income tax collection by the United States Internal Revenue Service ("IRS"). Those trusts included E&S Enterprise Trust, which was created in June 2002. Sometime during that same month, Schwartz and his wife transferred their residence to E&S Enterprise Trust.

Before they were indicted, Schwartz and his wife impeded the IRS audit of their tax returns and the IRS criminal investigation of their activities by filing retaliatory lawsuits against the investigating agents, by sending threatening correspondence to the investigating agents, and by sending to businesses, banks, and customers letters threatening legal and financial retaliation for cooperating with the IRS investigation. Schwartz also refused to comply with various summonses and court orders related to the IRS investigation and instructed the businesses, banks, and customers with whom he had dealings to do the same. In addition, Schwartz and his wife failed to comply with a federal grand jury subpoena pertaining to their business records.

Similarly, after he pleaded guilty, Schwartz continued his efforts to avoid meeting his tax obligations. Specifically, on July 9, 2008, approximately two months after entering his guilty plea, Schwartz sought to file a motion to dismiss the case on the ground that the district court lacked subject matter jurisdiction because the indictment failed to charge a cognizable offense. In addition, he continued to hold his residence in trust, claiming that it was not an asset for tax purposes, and he failed to disclose all of his assets to the United States Probation Officer who was preparing the Presentence Investigation Report ("PSR) in Schwartz's case.

Prior to sentencing, Schwartz was provided with a copy of the PSR. The PSR calculated his base offense level at 24, which incorporated a two-level increase for use of "sophisticated means" to commit or conceal the offense. In addition to recommending six levels of enhancement (four for specific offense characteristics, and two for obstruction of justice), the PSR proposed that Schwartz not be given any downward adjustment for acceptance of responsibility because the obstruction of justice enhancement had been recommended and because he continued to hold his residence in a trust. Schwartz filed objections to the "sophisticated means" increase, the denial of a downward adjustment for acceptance of responsibility, and other parts of the PSR that are not challenged on appeal.

At the sentencing hearing, the district court overruled Schwartz's objections. After ruling on Schwartz's objections, the district court calculated the total offense level as 26, with a criminal history category of II. Based upon these calculations, the recommended range under the Guidelines was 70 to 87 months of imprisonment. However, the district court noted that the statutory maximum period of incarceration for the offense of conviction was only 60 months. The district court imposed the maximum sentence permitted under the statute. Before so doing, it considered in some detail the factors required under 18 U.S.C. § 3553(a) and concluded that the sentence was sufficient but not greater than necessary to meet the objectives of § 3553(a).

On appeal, Schwartz challenges the district court's application of the increase to his base offense level for use of sophisticated means and its denial of a downward adjustment for acceptance of responsibility.

**II.**

We review a sentence for reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining the procedural reasonableness of a sentence, we consider *inter alia* whether the district court failed to calculate the sentencing range under the United States Sentencing Guidelines, to treat the Guidelines as advisory rather than mandatory, to consider the sentencing factors under 18 U.S.C. § 3553(a), or to provide adequate explanation for the sentence imposed. *Id.* We also consider whether the district court based the sentence upon clearly erroneous facts. *Id.*

A. Application of the Sophisticated Means Enhancement

Section 2T1.1 of the United States Sentencing Guidelines provides for a two-level increase to the base offense level for a tax evasion offense if "sophisticated means" were used to commit the offense. U.S.S.G. § 2T1.1(b)(2). Application Note 4 provides additional guidance:

> 4. Sophisticated Means Enhancement.– For purposes of subsection (b)(2), "sophisticated means" means especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means.

U.S.S.G. § 2T1.1, comment. (n. 4). Schwartz argued below that the increase should not apply because he was not a sophisticated businessman, no offshore accounts were involved, and the use of trusts to manage income and assets is not a particularly complex or especially intricate means of financial structuring. The district court disagreed. In making that determination, the district court found that Schwartz's use of fictitious trusts to hide his assets met the definition of "sophisticated means" set forth in Application Note 4.

On appeal, Schwartz contends that the district court did not address the merits of his objections, but instead applied the increase because it believed that it was required to do so. According to Schwartz, the district court impermissibly treated the Guidelines as mandatory, thereby committing reversible error. *See United States v. Gibbs*, 506 F.3d 479, 488 (6th Cir. 2007) ("[W]here the district court believes that an aspect of the Guidelines is mandatory, there is a presumption of prejudice to the substantial rights of the defendant, and a remand for resentencing is required."); *United States v. Trammel*, 404 F.3d 397, 402-03 (6th Cir. 2005) (under plain error review, a district court's treatment of Guidelines as mandatory is presumptively prejudicial to substantial rights of defendant).

Having carefully reviewed the record, we conclude that the district court committed no error in applying the "sophisticated means" increase. Before determining what sentence to impose, a district court must calculate the applicable Guidelines range. *See Gall*, 552 U.S. at 53. In making the required calculation, a district court is bound by pertinent commentary accompanying the applicable Guideline. See *Stinson v. United States,* 508 U.S. 36, 38 (1993) (a Sentencing Commission commentary interpreting or explaining a guideline is binding and "authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").[2] As part of the commentary, application notes are likewise given controlling

---

[2]*Stinson* was decided when the Sentencing Guidelines were mandatory. Although the Sentencing Guidelines are now advisory, *Stinson* remains applicable in calculating the proper advisory range under the Guidelines. *See, e.g.*, *United States v. Lay*, 583 F.3d 436, 446 (6th Cir. 2009) ("The Commentary is 'authoritative.'" (quoting *Stinson*, 508 U.S. at 38)); *United States v. Chriswell*, 401 F.3d 459, 463 (6th Cir. 2005) ("This court should also treat the commentary to the Guidelines as authoritative." (citing *Stinson*, 508 U.S. at 38))*; United States v. Dunn*, 300 F. App'x

weight. *See United States v. Hernandez-Fierros*, 453 F.3d 309, 313 (6th Cir. 2006) (application notes to Guidelines are to be given "controlling weight").

To make the proper calculation in this case, the district court had to determine whether the base offense level should include a two-level increase for use of "sophisticated means." Under *Stinson*, the district court was required to use the definition of "sophisticated means" set forth by Application Note 4 in calculating the applicable Guidelines range. Schwartz conceded that he created and used fictitious trusts to hide his assets from the IRS. As the district court recognized, this conduct met the definition of "sophisticated means" under Application Note 4 and was therefore sufficient to trigger application of the two-level increase in calculating the applicable sentencing range under the Guidelines. In determining that the increase applied, the district court stated that it must follow the application notes in determining whether Schwartz's offense conduct involved "sophisticated means." The district court also stated that it had to apply to Schwartz's conduct the definition of "sophisticated means" set forth in Application Note 4.

When read in context, those statements do not indicate, as Schwartz contends, that the district court believed that the Guidelines were mandatory. Rather they indicate that, in calculating Schwartz's base offense level under the Guidelines, the district court recognized that the definition of "sophisticated means" provided by Application Note 4 was to be given controlling weight. That the district court correctly concluded that it was required to use the definition in calculating the

---

336, 338 (6th Cir. 2008) (unpublished opinion) ("[T]he Supreme Court has held, and this Court has reaffirmed in pre-and post-*Booker* case law, that courts should treat guideline manual commentary as authoritative 'unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" (quoting *Stinson*, 508 U.S. at 38)).

Guidelines range does not mean that it believed the sentence resulting from that calculation was mandatory.

In addition, when determining Schwartz's sentence, the district court thoroughly considered the sentencing factors set forth in 18 U.S.C. § 3553(a). The record contains no indication that the district court believed that it was required to impose the sentence that resulted from applying the "sophisticated means" increase.

B. Denial of Acceptance of Responsibility

As his second ground for appeal, Schwartz contends that the district court erred in denying his request for a reduction to his sentence for acceptance of responsibility because the district court based its decision on a clearly erroneous fact. Specifically, Schwartz avers that, although the evidence shows he moved his residence into a trust in June 2002 (several years before his guilty plea), the district court mistakenly stated that he moved his residence into the trust one month after pleading guilty. While he concedes that the district court provided additional reasons for denying the reduction, Schwartz claims that the reduction might well have been granted were it not for the court's heavy reliance on the erroneous fact.

Although, as noted above, we normally review a district court's sentencing determination under an abuse of discretion standard, *see Gall* 552 U.S. at 51, a defendant's failure to object during proceedings below to the issues raised on appeal limits our review to one for plain error. *United States v. Collins*, 78 F.3d 1021, 1039 (6th Cir. 1996). Schwartz failed to object to the district court's reliance on the asserted erroneous fact that now forms the basis of his argument on appeal, in effect conceding the accuracy of the transfer date by agreeing with the district court's finding that he

completed the transfer in June 2008, after pleading guilty. *See United States v. Baker*, 559 F.3d 443, 449-50 (6th Cir. 2009) (district court properly accepted as true a factual finding to which defendant did not object); *United States v. Carter*, 355 F.3d 920, 925-26 (6th Cir. 2004) (same). Given Schwartz's failure to object below, we review the district court's decision for plain error.

To obtain relief under a plain error analysis, a defendant must prove "(1) error, (2) that is plain, and (3) that affect[s] [the defendant's] substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993) (internal quotation marks omitted)). Once the defendant has made the required showing, "an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotation marks and citations omitted).

Although Schwartz failed to object below to the district court's factual determination of the date on which Schwartz transferred his residence into a trust, the parties agree on appeal that the district court did make a mistake in that regard. Thus, the district court committed error, and that error was plain. However, Schwartz has failed to show that the error affected his substantial rights.

In sentencing Schwartz, the district court accepted the PSR's recommendation that an upward adjustment for obstruction of justice be applied under U.S.S.G. § 3C1.1. Schwartz did not contest the application of the obstruction of justice enhancement. The district court declined to grant a reduction in sentence for acceptance of responsibility for three reasons. Only one of them was based upon the erroneous factual finding concerning the date of transfer of Schwartz's residence to a trust. The other two reasons amply support the district court's decision. First, the district court noted that

it had applied the enhancement for obstruction of justice based upon Schwartz's failure to disclose all of his assets to the Probation Officer in connection with the preparation of the PSR; and, second, Schwartz's post-plea conduct in challenging the district court's subject matter jurisdiction indicated a lack of acceptance of responsibility.

"[O]nly in the 'extraordinary' case does the defendant's obstructive conduct not outweigh the defendant's acceptance of responsibility." *United States v. Roche*, 321 F.3d 607, 609-10 (6th Cir. 2003) (quoting *United States v. Harper*, 246 F.3d 520, 527-28 (6th Cir. 2001)), *overruled on other grounds by United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002). In view of Schwartz's post-plea motion and the uncontested obstruction of justice finding by district court, we find no extraordinary circumstances in this case to warrant granting a reduction for acceptance of responsibility, and we discern no prejudice to Schwartz in the district court's error.

## III.

The district court's judgment is **affirmed.**