RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 19a0168p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 18-2388

DAVI SARAH BAILEY,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:18-cr-00156-1—Janet T. Neff, District Judge.

Decided and Filed: July 26, 2019

Before: CLAY, LARSEN, and READLER, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Lawrence J. Phelan, Walker, Michigan, for Appellant. Davin M. Reust, UNITED STATES ATTORNEY'S OFFICE, Grand Rapids, Michigan, for Appellee.

_____

**OPINION**

_____

LARSEN, Circuit Judge. Several days after watching a victim testify at trial, Davi Bailey threatened to harm the victim's sister in retaliation for the victim's testimony. Bailey later pleaded guilty to retaliating against a witness, and the district court sentenced her to seventy-eight months' imprisonment. Bailey now argues that her sentence was procedurally and substantively unreasonable. We disagree and AFFIRM the district court's sentence.

# I.

In December 2017, authorities charged Michael Clayton with sexual exploitation of a minor, among other offenses. Clayton is the father of Bailey's child and was, at that time, Bailey's boyfriend. Clayton went to trial in June 2018. Bailey was present at Clayton's trial when one of the victims, K.P., testified. Following her testimony, K.P. and her mother reported that Bailey had threatened to assault K.P. in retaliation for her testimony. That same day, Bailey was also heard making threats to another testifying victim. The next day, the jury found Clayton guilty on all counts.

Four days after the jury returned its verdict, Bailey used Facebook Messenger to send K.P.'s sister the following:

> Every time I see you bitch I'm going upside your idc if you got your daughter with u or not for that shit your sister did rat ass bitch and don't think I don't kno where you stay and your boy can get it too every time you walk out them apartment doors you better take a double look hoe . . . on god I'm beating your ass cuz of your sister and your fat ass momma can get it too . . . now go and show the police this you fucking rats.

In later messages, Bailey again threatened to physically assault K.P's sister.

In July 2018, Bailey was indicted on two counts of witness retaliation in violation of 18 U.S.C. § 1513(b)(1), (c) and 18 U.S.C. § 1591(a)(1), (b)(2). In August, Bailey pleaded guilty to the second count, which specifically charged her with threatening K.P.'s sister in retaliation for K.P.'s testimony.

The Presentence Investigation Report recommended that the court apply a cross reference pursuant to U.S.S.G. § 2J1.2(c)(1) (the "cross reference"), for obstructing the prosecution of Clayton's criminal case. Pursuant to § 2J1.2(c)(1), "[i]f the offense involved obstructing the investigation or prosecution of a criminal offense, apply § 2X3.1 (Accessory After the Fact) in respect to that criminal offense." Section 2X3.1(a) then provides that the offense level shall be 6 levels lower than that of the underlying offense (the offense that was obstructed) as long as the resulting offense level is not less than 4 and not greater than 30. The offense level underlying

Bailey's obstruction—Clayton's sexual exploitation of a minor—was 40. Bailey's offense level under the cross reference became 30 by virtue of the upper limit of § 2X3.1(a)(3)(A).

The PSIR alternatively recommended enhancing Bailey's offense level pursuant to U.S.S.G. § 2J1.2(b)(1)(B) (the "enhancement"), which dictates an 8-level enhancement for "threatening to cause physical injury to a person . . . in order to obstruct the administration of justice." With the enhancement, Bailey's base offense level would have become 22. The enhancement, however, ultimately did not affect Bailey's offense level; when the cross reference results in a greater offense level than the enhancement, the cross reference controls. *See* § 2J1.2(c)(1).

Bailey submitted written objections to both the cross reference and the enhancement and renewed her objections at the sentencing hearing. The district court overruled both objections. Using only the cross reference, the district court found that Bailey's Guidelines range was seventy-eight to ninety-seven months and sentenced her to seventy-eight months' imprisonment. Bailey timely appealed, arguing that her sentence is both procedurally and substantively unreasonable.

## II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness, however, focuses on whether "a sentence is too long (if a defendant appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review the district court's legal determination about the Guidelines

de novo, its factual findings for clear error, and the substantive reasonableness of a sentence for abuse of discretion. *United States v. Bolds*, 511 F.3d 568, 579, 581 (6th Cir. 2007).

III.

Bailey argues that her sentence was procedurally unreasonable because the district court erroneously enhanced her sentence based on § 2J1.2(c)(1)'s cross reference. Bailey primarily argues that the cross reference does not apply to "attempted obstruction," i.e., conduct that did not actually hinder or affect a prosecution. She argues that for this section to apply, she must have successfully hindered the prosecution; Clayton's conviction, she argues, is proof that she did not succeed.

We disagree. This court has recognized, albeit in dictum, that the cross reference applies to attempts to obstruct justice. *United States v. Roche*, 321 F.3d 607, 610 n.2 (6th Cir. 2003) ("Even if Roche had not been successful in obstructing justice by submitting the false documents, § 2J1.2(c) still would apply. Section 2J1.2(c), and its cross reference to § 2X3.1, apply equally to *attempts* to obstruct justice." (citing *United States v. Aragon*, 983 F.2d 1306, 1316 (4th Cir. 1993))). Though we are not bound by the dictum of a previously published opinion, *see United States v. Burroughs*, 5 F.3d 192, 194 (6th Cir. 1993), *Roche*'s conclusion that § 2J1.2(c) applies to attempts to obstruct justice is also consistent with this circuit's caselaw. We have frequently affirmed the application of the cross reference in cases that Bailey would label mere "attempted obstruction"—that is, when a prosecution succeeded despite the defendant's efforts. *See, e.g.*, *United States v. Kimble*, 305 F.3d 480, 483 (6th Cir. 2002); *United States v. Price*, 30 F. App'x 333, 333–34, 336 (6th Cir. 2002). *Roche*'s conclusion is also consistent with other circuits that have addressed this issue. *See United States v. Solofa*, 745 F.3d 1226, 1231 (D.C. Cir. 2014) (collecting cases and stating that "every circuit to consider the issue has held that the [cross reference] covers attempts").

Of at least equal import, the Guidelines' text supports the conclusion that the cross reference covers attempts. The Obstruction of Justice Guideline, § 2J1.2, specifically accounts for success in one subsection. *See* U.S.S.G. § 2J1.2(b)(2) (providing for a three-level increase "if the offense *resulted in* substantial interference with the administration of justice" (emphasis

added)). No such language appears in the cross reference—the offense must only "involve[] obstructing the investigation or prosecution of a criminal offense." § 2J1.2(c)(1). In other words, the Obstruction of Justice Guideline accords special treatment in subsection (b)(2) to *successfully* impeding a criminal case, singling out such conduct for a three-level increase. It follows that even an *ineffective* attempt to interfere is subject to the cross reference provided for in subsection (c), which applies even if subsection (b)(2) does not. For these reasons, we reject Bailey's argument that the cross reference does not apply to "attempted obstruction."

Bailey also cursorily argues that use of the cross reference was inappropriate because she made the threats after K.P. had finished testifying. To the extent Bailey suggests that use of the cross reference was inappropriate because Clayton's prosecution had ended, we disagree. Although Bailey's threats occurred after the jury had returned its guilty verdict, the threats came well before Clayton was sentenced. The "prosecution of a criminal offense" under § 2J1.2(c)(1) includes the sentencing stage. *Roche*, 321 F.3d at 610. This makes sense. A victim's role in a "prosecution" does not necessarily end with the factfinder's determination of guilt; courts can and do rely on victim testimony during sentencing to determine a defendant's appropriate punishment. *See, e.g.*, *United States v. Klups*, 514 F.3d 532, 538 (6th Cir. 2008); *see also* Fed. R. Crim. P. 32(i)(4)(B) (requiring that the district court give a victim the opportunity to be heard prior to sentencing). A threat to retaliate against a witness prior to his or her testimony at sentencing could cause the victim to consider withholding that testimony.[1]

Bailey next argues that using the cross reference was inappropriate because she had no role in the underlying offense. But application of the cross reference does not require involvement in the underlying crime. *See* U.S.S.G. § 2J1.2(c); *see also id.* at § 2J1.2, Background ("Use of this cross reference will provide an enhanced offense level when the obstruction is in respect to a particularly serious offense, whether such offense was committed by the defendant or another person."); *Kimble*, 305 F.3d at 486 ("[I]t does not matter whether the

---

[1]For similar reasons, we reject Bailey's argument that the cross reference does not apply because she did not carry out her threats. Bailey's obstruction of an ongoing prosecution was complete the moment she threatened to retaliate against a witness—making the threat is itself sufficient.

defendant is actually guilty of the crime referenced in § 2X3.1 in order for the higher sentence recommendation to be imposed.").

And, finally, to the extent that Bailey argues that the cross reference is too harsh because it does not discount for threats that were neither carried out against the victim nor effective in thwarting the criminal proceedings, we see no error on behalf of the district court.  The district court acknowledged Bailey's variance request and the advisory nature of the Guidelines but explained why it believed Bailey's offense supported application of the cross reference and a within-Guidelines sentence.  The district court labeled her conduct atrocious and "very, very serious."  As to the fact that Bailey never acted on the threat, the court explained, "Whether there was an acting out to carry through with the threat, or not, is I think almost irrelevant.  Words can be very blunt instruments, particularly here where they victimized people who had already been victimized.  It just added a layer of victimization on [top] of what happened to the young women who were manipulated and poorly used by . . . Mr. Clayton."  The district court adequately explained why it chose the sentence it did, even over Bailey's objection that application of the cross reference was too harsh.  *See Rayyan*, 885 F.3d at 440.

Bailey's sentence was not procedurally unreasonable, as the district court appropriately relied on § 2J1.2(c)(1)'s cross reference in setting her offense level.  Because the cross reference provided a higher offense level than the enhancement, we need not address whether the district court was right to overrule Bailey's objection to the enhancement.

IV.

Bailey also challenges the substantive reasonableness of her sentence.  Her sentence, at the very bottom of the Guidelines range, is afforded a presumption of reasonableness.  *United States v. Parrish*, 915 F.3d 1043, 1049 (6th Cir. 2019).  Bailey has failed to overcome this presumption.

Bailey contends that the district court gave the cross reference too much weight given the facts of her case, and that the cross reference "excessively punished her."  But in our analysis of the procedural reasonableness of her sentence, we rejected the same arguments—finding both

that application of the cross reference was appropriate and that the district court adequately explained why the egregiousness of Bailey's conduct supported the sentence.

Bailey also argues that the district court improperly weighed the § 3553(a) factors, both by placing too much weight on general deterrence and by failing, given the cross reference, to give greater emphasis to the remaining § 3553(a) factors. We see no indication of either. The court explained why "general deterrence is particularly important in this case," noting that witness retaliation is "very, very serious." And as described above, the court explained that it believed Bailey's conduct to be "atrocious" because victims of Clayton's crimes—minors who had been sexually exploited—were victimized a second time. On the other hand, the court acknowledged the facts that might weigh in Bailey's favor. For example, the court recognized that Bailey, a single mother with a tenth-grade education, had "a difficult life," but expressed concern that she had "not made a whole lot of effort to deal with that." The court allowed that, around the time Bailey made her threats, Bailey's sister had been killed in a car accident that also seriously injured Bailey's niece. The court recognized that Bailey had medical problems but observed that they were treatable, and that Bailey had been non-compliant with her medical treatment. And the court noted that this was Bailey's first felony. After elaborating at length, the district court sentenced Bailey to the bottom of the Guidelines range. Given the court's careful consideration of the facts and § 3553(a) factors, we see no indication the district court abused its discretion in sentencing Bailey to the very bottom of the Guidelines range.

\* \* \*

We AFFIRM Bailey's sentence.