NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0460n.06

No. 24-4027

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 10, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JEMAR JERESSE SIMMONS, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | OPINION |
| | ) | |

Before: KETHLEDGE, LARSEN, and BLOOMEKATZ, Circuit Judges.

LARSEN, Circuit Judge. Jemar Simmons pleaded guilty to being a felon in possession of a firearm and ammunition and illegally possessing a machine gun. The district court imposed an above-Guidelines sentence of 115 months. Simmons appeals, arguing that the sentence imposed is substantively unreasonable. For the reasons below, we AFFIRM.

I.

In April 2024, a woman phoned 911 for help while at a gas station. She reported that she was in a car with Jemar Simmons and that she did not feel safe with him. The Cuyahoga Falls Police Department responded by sending officers to the gas station, where they encountered Simmons and the woman, both inside a car, at a gas pump. Simmons, who was agitated, began yelling at the officers. The officers ordered Simmons to exit the car, which he did. But when officers began to pat him down, he pulled away and attempted to flee on foot. He disobeyed the officers' commands, resisted arrest, and reached for his waistband several times during the

encounter. At one point, he escaped the officer's control and ran to the passenger side of the vehicle, where he was apprehended. In the process, a handgun with a large extended magazine fell to the ground from Simmons's waistband. Simmons again tried to break free, which caused one of the officers to hit his head on the concrete. Simmons was eventually arrested.

A subsequent interview with the woman revealed that Simmons had come to her house earlier that evening and had threatened her with a firearm. Further investigation of the handgun in Simmons's possession revealed that it was a Glock 17, 9-millimeter with a fully loaded 28 round magazine that had been modified with a switch, making it fully automatic. Police also noted that Simmons was intoxicated during the incident and in possession of an open container.

Simmons was indicted in Ohio state court. But Simmons failed to appear at his arraignment, so the court issued a bench warrant. A few days later, officers with the Akron Police Department observed Simmons driving a vehicle and attempted to stop him. Simmons failed to comply and, instead, led officers on a vehicle chase. He eventually lost control and crashed into a tree. Still, the crash did not inhibit him; he exited the vehicle and fled on foot, leading officers on yet another chase. Officers eventually apprehended him. A subsequent search of the apartment where Simmons was staying led to the recovery of 12 grams of cocaine, 10 grams of fentanyl, 1 gram of an unknown substance, and a digital scale.

Simmons was indicted by a federal grand jury in the Northern District of Ohio for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), and for illegally possessing a machine gun, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2). Simmons pleaded guilty as charged.

Simmons's Guidelines range was 70 to 87 months. At sentencing, the district court varied upward and sentenced him to 115 months' imprisonment. Simmons now appeals, arguing that his sentence is substantively unreasonable.

## II.

"A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) . . . ." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "It's a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Bailey*, 931 F.3d 558, 562 (6th Cir. 2019). Though "[a] sentence falling within the Guidelines range is presumptively reasonable," one that falls outside "carries no such presumption." *United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013). We must give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In light of Simmons's lengthy criminal history, which included violent crimes; his frequent firearm possession as a felon; and his repeated failure to comply with the police and the law, the court believed an upward variance was necessary to reflect the seriousness of the offense, provide just punishment, promote respect for the law, afford adequate deterrence, and protect the community. The court explained that Simmons's lengthy criminal history began in the juvenile system at sixteen years old. On three separate occasions, he committed disorderly conduct, assault, and criminal trespass, respectively. Then, at seventeen years old, he was held responsible for possession of drugs and criminal trespass. At eighteen, he was convicted of kidnapping, aggravated robbery, robbery, felonious assault, obstructing official business, and possession of marijuana. Simmons struck a victim in the head with a hammer multiple times, stole his wallet,

and walked away with the victim's three-year-old daughter. While in prison for these crimes, Simmons had multiple disciplinary infractions.

In 2014, he was convicted of drug trafficking and was placed on community control. He violated the terms and was sent back to prison. In 2015 and in 2018, Simmons was convicted of possessing a firearm as a felon. The second offense also included a conviction for failing to comply with police orders. While in prison, he again committed numerous infractions. And while on post-release control, he committed the crimes at issue in this case.

The court also considered the nature and circumstances of the offense that led to his conviction. During the incident, Simmons was intoxicated and became agitated with the officers on the scene. When the officers attempted to pat Simmons down after ordering him out of the vehicle, he fled from the officers, refused to comply with their orders, reached for his waistband multiple times, caused an officer to sustain a concussion, and dropped a Glock model 17, 9-millimeter firearm that was equipped with an extended magazine and a switch on the ground. Following the incident, he posted bond and later failed to appear at his arraignment.

When officers later made contact with him to effectuate a traffic stop and execute an active federal warrant for his arrest, he failed to pull over, led officers on a high-speed chase, lost control of his vehicle, and crashed into a tree. Then, he fled on foot. Officers located a firearm on the road, but Simmons denied it was his. He was ultimately arrested, and a search of the apartment where he was staying led to the discovery of fentanyl, cocaine, and a digital scale. Based on this history, the district court reasonably determined that a 28-month upward variance was warranted.

Simmons argues that the court placed too much weight on his criminal history and not enough on mitigating factors. He also argues that the court improperly afforded extra weight to certain factors, like his criminal record and the fact that he had a tendency to flee from the police,

because, he says, these factors were already accounted for within the Guidelines. But the court was well within its discretion to put extra weight on Simmons's criminal history and tendencies. We have repeatedly held that a district court may vary upward based on a defendant's criminal history. *See, e.g.*, *United States v. Dunnican*, 961 F.3d 859, 880–81 (6th Cir. 2020); *United States v. Williams*, 807 F. App'x 505, 509 (6th Cir. 2020); *United States v. Trejo*, 729 F. App'x 396, 399–400 (6th Cir. 2018). And "[w]e have consistently rejected defendants' arguments that a district court cannot impose upward variances based on criminal history, simply because the Guidelines calculation already accounts for criminal history as a factor." *Dunnican*, 961 F.3d at 881 (collecting cases).

What's more, the court considered the mitigating factors. For example, the court considered the fact that Simmons's mother was an alcoholic and was physically abusive to him and his siblings. It considered that his father had a criminal history and was allegedly addicted to cocaine. The court also considered that Simmons's adopted father passed away in 2021, that Simmons was a victim of sexual abuse, that his sister primarily took care of him, and that he suffered a gunshot wound in 2016 and again in 2023. The court explained that Simmons also reportedly has a history of mental health problems and was prescribed a medical marijuana card. He was identified as a member of the Heartless Felons gang, but claimed he is no longer involved. He has three children with three different mothers. He and his youngest son's mother have been together for two years. He has limited support from his sister and his girlfriend. But in the end, the court determined that these mitigating factors were outweighed by Simmons's lengthy criminal history; his continued pattern of possessing firearms and refusing to comply with conditions of supervision or conditions while released into the community; and his unwillingness to obey the

law.  That was a reasonable exercise of the court's discretion, *see Rayyan*, 885 F.3d at 442, and

we see no reason to disturb it.

* * *

We AFFIRM the district court.